United States District Court
Southern District of Texas
**ENTERED**
May 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRELL ANTHONY WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00051 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Darrell Anthony Williams, proceeding *pro se* and *in forma pauperis*, filed this petition under 28 U.S.C. § 2254 in February 2024. (D.E. 1). Liberally construed, Williams contended in his petition that he was entitled to 159 days of county jail time credit that the Texas Department of Criminal Justice was improperly denying. (*Id.* at 6-7). Williams asserted that, taking this missing time credit into account, his sentence had expired, and he was entitled to release. (*Id.*). He sought to have this Court correctly calculate his sentence and, with the 159 days of credit accounted for, order his immediate release. (*Id.* at 7).

On April 15, 2024, the undersigned granted Respondent's motion for an extension of time to file a responsive pleading. (D.E. 18). The copy of this order mailed to Williams was returned with the notation "RTS – Discharged." (D.E. 19 at 2). A search of the TDCJ online inmate database also returned no results. Thus, the undersigned issued an order to show cause on April 30, 2024, ordering Williams to show cause within 20 days why his

lawsuit should not be dismissed as moot because he was released and had already obtained the relief he was seeking. (D.E. 20). Williams was warned that failure to comply with the order would result in the dismissal of his lawsuit under Federal Rule of Civil Procedure 41. (*Id.* at 2). The order was sent to Williams's last known address and again returned with the notation "RTS – Discharged." (D.E. 23). Over 20 days have passed and Williams has not complied with the order to show cause.

Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with a court order. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); Fed. R. Civ. P. 41(b). Accordingly, it is recommended that Williams's petition be **DISMISSED** without prejudice for want of prosecution under Fed. R. Civ. P. 41(b). It is further recommended that the motions for summary judgment filed by Williams (D.E. 15) and the Respondent (D.E. 22) be **DISMISSED AS MOOT**.

Respectfully submitted on May 29, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).